IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-cr-30061 |
| | ) | |
| AARON J. SCHOCK, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge**

This cause is before the Court on the Government's Motion for Order Restricting Extrajudicial Statements (d/e 13). For the following reasons, the Motion is DENIED.

The Government requests, in light of the strong public interest in this matter and pretrial publicity, that the Court enter an order restricting the parties from making extrajudicial statements that "pose a serious and imminent threat to the fairness of" this judicial proceeding. Gov't Mot. at ¶¶ 3, 4 (d/e 13) (citing Ill. Rules of Prof. Conduct 3.6(a) (2010) (providing, in part, that a lawyer shall not make an extrajudicial statement that the lawyer knows or

reasonably should know "would pose a serious and imminent threat to the fairness of an adjudicative proceeding in the matter")).

Defendant objects, arguing that the Government has not shown a serious and imminent threat to the administration of justice to justify such restrictions. Defendant argues that the comments that have been made by Defendant and counsel to date include only the assertion that Defendant did not commit the crimes of which he is accused and that he will be tried by a jury of his peers. Def. Resp. at 4-5 (d/e 15); see also Gov't Resp. to Def. Mot. for Intra-District Transfer, Ex. 2 (d/e 12-2) (copies of press reports and written statements). Defendant further argues that, while he and counsel had "pointed words for the government, such speech is at the very core of their First Amendment rights because it provides a check on the government's discretion." Id. at 5.

A criminal defendant is guaranteed the right to a fair trial by impartial jurors. Neb. Press Ass'n v. Stuart, 427 U.S. 539, 551 (1976). Intense pretrial publicity "poses significant and well-known dangers to a fair trial." United States v. Brown, 218 F.3d 415, 423 (5th Cir. 2000); Gentile v. State Bar of Nev., 501 U.S. 1030, 1075 (1991) (recognizing the dangers to a fair trial include comments that

are likely to influence the actual outcome of the trial or prejudice the jury venire). Therefore, trial courts have "an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity." Gannett Co., Inc. v. DePasquale, 443 U.S. 368, 378 (1979).

Several means of minimizing the effects of prejudicial pretrial publicity exist, including changing venue, postponing the trial to allow public attention to subside, extensive voir dire questioning, clear jury instructions on the duty of the jurors to decide the issues on the evidence presented in court, and jury sequestration. Neb. Press Ass'n, 427 U.S. at 564. A court can also, in appropriate cases, limit the speech of those participating before the court. See Gentile, 501 U.S. at 1072; Sheppard v. Maxwell, 384 U.S. 333, 359 (1966) (noting the trial court should have made an effort to control the release of information by police officers, witnesses, and counsel for both sides); Chi. Council of Lawyers v. Bauer, 522 F.2d 242, 250 (7th Cir. 1975) (noting that "attorneys' statements are often the source of prejudicial publicity"). However, the right to a fair trial must also be balanced with individuals' rights to free speech. See In re Goode, 821 F.3d 553, 559 (5th Cir. 2016).

In this Circuit, a court can limit defendants' and their attorneys' free speech rights where their conduct poses "a serious and imminent threat to the administration of justice." Chase v. Robson, 435 F.2d 1059, 1061 (7th Cir. 1970 ) (quoting Craig v. Harney, 331 U.S. 367, 373 (1947)) (internal quotation marks omitted); see also Bauer, 522 F.2d at 249 ("Only those comments that pose a 'serious and imminent threat' of interference with the fair administration of justice can be constitutionally proscribed."); but see Gentile, 501 U.S. at 1074-1075 (finding that "the speech of lawyers representing clients in pending cases may be regulated under a less demanding standard than that established for regulation of the press" and that the "substantial likelihood of material prejudice" standard at issue therein constituted "a constitutionally permissible balance between the First Amendment rights of attorneys in pending cases and the State's interest in fair trials"); Brown, 218 F.3d at 426  (noting that Gentile did not mandate the "substantial likelihood" standard as the constitutional minimum to justify restrictions on attorney speech).

The Government has not made the requisite showing here.

While this is a high-profile case that has and will generate a significant amount of publicity, the Court has no reason to believe at this point that the parties' conduct poses a serious and imminent threat to the administration of justice.  See, e.g., United States v. Calabrese, No. 02 CR 1050, 2007 WL 2075630, at *2 (N.D. Ill. July 13, 2007) (imposing gag order on trial participants during the pendency of the trial where an unauthorized disclosure to the news media was made and one of the trial participants had made "arguably prejudicial comments on a web log").  The comments made by Defendant and his counsel prior to the public release of the Indictment included the assertions that Defendant did not commit the crimes of which he is accused and that he will be tried by a jury of his peers.  Such comments do not interfere with the rights of the government and defendants to a fair trial.  The comments critical of the Government, also made before the Indictment was publicly released, touch on important areas of public concern.  See Bauer, 522 F.2d at 250, 253-54 (noting that attorneys are often in the position to act as a check on government by exposing abuses but also noting that the possibility of prejudice from such comments is more concrete after the charges are filed

because there is an interest in preventing the appearance that a pending prosecution is being tried in the press).  While some of the comments may come close to creating the appearance that Defendant is trying to influence the actual outcome of the trial or prejudice the jury venire, those comments have not crossed that line.  Moreover, the Court fully expects that counsel will continue to comply with the Rule 3.6 of the Illinois Rules of Professional Conduct pertaining to trial publicity.  <u>See</u> CDIL-LR 83.6(D) (providing that the "Rules of Professional Conduct adopted by this court are the Rules of Professional Conduct adopted by the Supreme Court of Illinois"); <u>see</u> <u>also</u>, e.g., <u>Davis v. Carmel Clay Schs.</u>, No. 1:11-cv-00771, 2012 WL 1203332, at *2 (Apr. 9, 2012) (denying request to limit the plaintiffs' contact with the media and finding that the Indiana Rule of Professional Conduct on trial publicity was sufficient to govern the conduct of counsel in the case).

Therefore, the Government's Motion for Order Restricting Extrajudicial Statements (d/e 13) is DENIED.

ENTER: December 9, 2016

FOR THE COURT:

                              *s/Sue E. Myerscough*
                            SUE E. MYERSCOUGH
                            UNITED STATES DISTRICT JUDGE