IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AARON J. SCHOCK, )<br>)<br>Defendant. ) | No. 16-cr-30061 |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge**

This matter is before the Court on a letter from defense counsel suggesting that the Court recuse from further involvement in this case. The Court hereby recuses from further proceedings in this case. This Court specifically denies any bias in this case.

I. BACKGROUND

In November 2016, the grand jury returned a 24-count Indictment against Defendant Aaron J. Schock. On December 7, 2016, the Court denied Defendant's Motion for Change of Venue. Opinion (d/e 14). On December 9, 2016, the Court denied the Government's Motion for Order Restricting Extrajudicial Statements. Opinion (d/e 16).

On January 12, 2017, counsel for Defendant filed, under seal, a letter to the Court suggesting that recusal from further proceedings pursuant to 28 U.S.C. § 455(a) may be appropriate due to circumstances produced by Defendant herein.  See d/e 39 (letter and attachments).  Contrary to local rule, defense counsel did not seek leave to file the letter and the attachments under seal.  See CDIL-LR 49.9(A) (providing the procedure for filing under seal and also providing that a court may order a sealed document be made public if the document is filed in disregard of legal standards).  The Court now DIRECTS the Clerk to unseal the letter and the attachments (d/e 39), the Government's response (d/e 43), and the reply (d/e 45), as there is no basis for keeping the information sealed.

In the letter, defense counsel states that the suggestion for recusal was prompted by the Government's recent production of documents to Defendant's counsel.  The documents consist of emails from March and November 2011 that counsel claims demonstrate that Defendant, in his capacity as a Member of Congress for the 18th Congressional District of Illinois and in conjunction with then-U.S. Senator Mark Kirk, took steps to ensure

that Chief Judge James E. Shadid's commission would be signed by the President before the undersigned judge's commission. This resulted in Judge Shadid becoming the Chief Judge for the Central District of Illinois instead of the undersigned judge.

Defense counsel asserts that this fact, alone or taken together with additional facts –that the Court considered running in 2008 to serve as the Representative for Illinois' 18th Congressional District, the year Defendant first ran for that office, and the Court's daughter's engagement to a transactional attorney in the firm that represents Defendant in this litigation—could cause an objective third-party observer to reasonably question the Court's impartiality.

## II. ANALYSIS

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Section 455(a) is self-executing, meaning a judge must recuse <u>sua sponte</u> when the facts warrant recusal.  See <u>Taylor v. O'Grady</u>, 888 F.2d 1189, 1200 (7th Cir.1989); <u>Wilson v. City of Chi.</u>, 710 F. Supp. 1168, 1169 (N.D. Ill. 1989).  The purpose of § 455(a) is to "promote public confidence in the integrity of the judicial

process." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988).

The test for recusal under § 455(a) is an objective one that asks whether "an objective, disinterested observer fully informed of the reasons that recusal was sought would entertain a significant doubt that justice would be done in the case." United States v. Herrera-Valdez, 826 F.3d 912, 917 (7th Cir. 2016); see also Matter of Hatcher, 150 F.3d 631, 637 (7th Cir. 1998) ("This is an objective inquiry."). The judge's actual state of mind is immaterial under § 455(a). Liteky v. United States, 510 U.S. 540, 548 (1994) (noting that, under § 455(a), "what matters is not the reality of bias or prejudice but its appearance"); United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993) ("In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue.").

"Scienter is not an element of a violation of § 455(a)." Lijeberg, 486 U.S. at 859. Nor does the judge's lack of knowledge of the facts that create an appearance of impropriety eliminate the risk that the judge's impartiality may reasonably be questioned. Id. at 860.

The Court appreciates defense counsel bringing the information to the Court's attention.  The Court does not believe that those facts in any way affect the Court's impartiality.  Nonetheless, this information, through no fault of the Court, creates a cloud over the Court continuing to preside in this case.  Therefore, the Court will recuse on its own motion.

### III. CONCLUSION

For the reasons stated, the undersigned judge RECUSES from further proceedings in this case.  This matter is referred to Chief Judge Shadid for reassignment per the Court's internal procedures for reassignment.  The Clerk is DIRECTED to unseal the letter and attachments (d/e 39), the response and attachments (d/e 43), and the reply (d/e 45).

ENTER: January 19, 2017

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE