UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 16-CR-30061 |
| | ) | |
| AARON J. SHOCK, | ) | |
| Defendant. | ) | |

**MOTION FOR LEAVE TO INTERVENE TO FILE A MOTION TO QUASH OR MODIFY AARON SCHOCK'S SUBPOENA TO BRYAN RUDOLPH**

NOW COMES, Bryan Rudolph ("Rudolph"), an interested third party, who by his attorney Ryan L. Powers of Powers Law, P.C., seeks leave to intervene in the above-reference matter for purposes of quashing or modifying a subpoena and objecting to request to produce items under a third party subpoena issued by Aaron Schock ("Schock").

The subpoena was served on Rudolph by Schock mandating that Rudolph appear with requested items on the former trial date of January 22, 2018, or send all requested items to Defense counsel prior to that date.[1] *See* Ex. A. The subpoena directs Rudolph to produce:

> a. Any and all records, including but not limited to, all phone records, text messages, and emails pertaining to Aaron J. Schock from January 1, 2015 to the present.
>
> b. Any and all records related to applications for employment with any government agency (federal, state, or local) from January 2015 to present.

*Ex. A*.

Rudolph is now intervening for the limited purpose of quashing, striking, or otherwise objecting to the Defense's subpoena in part for the requested production of "Any and all records, including but not limited to." The catchall wording "including but not limited to" is the hallmark of an overbroad fishing expedition. This type of blind fishing expedition is prohibited by Federal Rule Of Criminal Procedure 17.

---

[1] Rudolph did not challenge the subpoena prior to the original trial date because this case was appealed before his motion could be filed making any subpoena challenge moot until the appellate court's ruling. Rudolph attempted to narrow the subpoena by agreement with Defense counsel, but Defense counsel refused. Rudolph did not have the resources to draft and file motions to quash subpoenas for a trial that might not have occurred.

Moreover, the documents requested are not relevant under the *Nixon* standard for Rule 17 subpoenas. The basis of the motion will be addressed in this motion, accompanying memorandum of law, and supporting affidavit. Furthermore, the overly-broad subpoena is unreasonable or oppressive to Rudolph as outlined in his affidavit filed contemporaneously with this motion.

The Federal Rules of Criminal Procedure lack a counterpart to Fed. R. Civ. P. 24, which allows intervention. Nonetheless, courts have permitted intervention when the potential intervenor has a legitimate interest in the outcome and cannot protect that interest without becoming a party. *See In re Associated Press*, 162 F.3d 503, 507-08 (7th Cir.1998) (allowing intervention in a criminal prosecution); *see also* Fed. R. Crim. P. 57(b) ("A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."). *Cf. United States v. Rollins*, No. 09-2293 (7th Cir. June 9, 2010) (discussing opinions that allow motions for reconsideration in criminal cases, despite the absence of any provision in the Rules of Criminal Procedure). Courts have repeatedly asserted that when a third party's rights are threatened by the government, then they have the right to avail themselves of due process. *See, e.g. Gravel v. United States*, 408, U.S. 606, 608-609 (1972); *Warth v. Seldin*, 422 U.S. 490, 498 (1975). A third party has legal standing to move to quash a subpoena. *See United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982) (standing exists "if the subpoena infringes upon the movant's legitimate interests").

Rudolph has legitimate interests to intervene. Rudolph is encountering difficulties complying with the overbroad and ambiguous subpoena. Rudolph runs the risk of being held in contempt for failing to produce records that he did not know was subject to the overbroad subpoena. Schock's overly-broad subpoena will force Rudolph to incur extensive time and legal expenses for a criminal matter he is not even a party to. Unlike Schock, Rudolph is an average person that does not have campaign monies to spend on legal fees. He has already incurred thousands of Dollars retaining counsel to assist in his compliance with Schock's subpoena. Such an overbroad request impinges on fundamental privileges like attorney-client privilege and other privileges that might be implicated by such an overbroad request. Rudolph asked Defense counsel to narrow their requests for documents to only the specific areas they

indicated, but the Defense counsel refused. Rudolph requested that Schock specifically identify what documents he wanted, but he did not. Rudolph is merely asking for a more narrowly tailored subpoena. If the catchall words "including but not limited to" are stricken Rudolph will have no problem complying with the Defense's subpoena—that is all Rudolph is asking for.

WHEREFORE, Bryan Rudolph respectfully prays that this Court grant him leave to file his Motion To Quash Or Modify The Defendant's Subpoena, his Memorandum Of Law, quash or modify Schock's Rule 17 subpoena, and any other relief that is just and equitable.

DATED this18th day of July,  2018

Respectfully submitted,
Bryan Rudolph, a third party

/s/ Ryan L. Powers
By:  Ryan L. Powers, Bryan Rudolph's attorney
Powers Law, P.C.
408 Court St.
Pekin, IL 61554
PH:     309-349-3835
FAX:   309-349-3849
Email:   ryan@ryanlpowerslaw.com

CERTIFICATE OF SERVICE

I hereby certify that on the 18th  day of July,  2018, the foregoing MOTION FOR LEAVE TO INTERVENE TO FILE A MOTION TO QUASH OR MODIFY AARON SCHOCK'S SUBPOENA TO BRYAN RUDOLPH was submitted and served, using the Court's ECF system, to the following parties and other parties of record designated on under the court's ECF system.

George J. Terwilliger, III
McGuire Woods
2001 K. Street N.W.
Suite 400
Washington, DC 20006-1040
Attorney for Defendant

Nicholas B. Lewis
2001 K. Street NW, Ste. 400
Washington, DC 20006-1040
Attorney for Defendant

John E. Childress

United States Attorney For the Central District of Illinois
318 S. Sixth St.
Springfield, IL 62701
Attorney for United States

Patrick Hansen
Assistant United States Attorney For the Central District of Illinois
318 S. Sixth St.
Springfield, IL 62701
Attorney for United States

/s/ Ryan L. Powers
By:  Ryan L. Powers, Bryan Rudolph's attorney
Powers Law, P.C.
408 Court St.
Pekin, IL 61554
PH:     309-349-3835
FAX:    309-349-3849
Email:  ryan@ryanlpowerslaw.com