UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16-cr-30061 ) |
| AARON J. SCHOCK, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT AARON J. SCHOCK'S MEMORANDUM IN
SUPPORT OF MOTION FOR DISCOVERY OF GRAND JURY COLLOQUIES**

COMES NOW Defendant Aaron J. Schock, by and through undersigned counsel, and respectfully submits this Memorandum in Support of his Motion for Discovery of Grand Jury Colloquies. For the reasons stated below, Mr. Schock submits that the motion should be granted.

In the instant motion, Mr. Schock respectfully requests that the Court order the government to disclose the record of the grand jury proceedings where no witness was present, for the following reasons:

- The government waived the interests in grand jury secrecy by disclosing its comments to the grand jury regarding Mr. Schock's right not to testify;

- Those comments demonstrate the existence of a basis for dismissing the Indictment;

- As a matter of fundamental fairness Mr. Schock and the Court must be able to view the entire grand jury record to resolve the issues raised by the government's misconduct; and

- That need outweighs any remaining interests in grand jury secrecy.

1

**INTRODUCTION**

Through this instant motion, Mr. Schock seeks to review the recordings or transcripts of the proceedings before the grand jury (to the extent they have been transcribed) without a witness present. Only the government knows the full extent of what occurred before the grand jury. In response to a defense motion to dismiss the instant Indictment, the government disclosed a small portion of those proceedings in order to correct its prior false or misleading statement and urge the Court that the Indictment should not be dismissed.

Neither the Court nor Mr. Schock know the full context surrounding the disclosed proceedings. Without that knowledge, Mr. Schock cannot effectively argue, and this Court cannot fully consider, the grounds for dismissing the Indictment made apparent by the government's disclosures. Mr. Schock now requests that the Court permit a full and complete examination of the effect of the government's misconduct on the grand jury's independence. There is every reason to conclude that Mr. Schock should not be forced to rely on the government's representations about the nature and extent of its thus far unreported conduct before the grand jury. In the absence of this relief, the Court will once again be forced to rely on the government's say-so with respect to what occurred before the grand jury. In light of the government's conduct thus far in this case, this approach is untenable.[1] Fortunately, the Federal criminal rules and the applicable law demonstrate that disclosure of the grand jury colloquies are strongly warranted in this case.

On March 28, 2017, Mr. Schock filed a motion requesting that this Court order the government to partially disclose the colloquies of the proceedings before the grand jury where no

---

[1] We note the Court's evident concern with reliance on the government's prior factual representations, as shown by its directive to the then-Acting United States Attorney to review all prior pleadings for accuracy. *See* Order, Docket No. 143. We further note that the government substantially failed to heed that order. *See* Resp., Docket No. 145-1.

witness was present. Def. Schock's Mot. for Disc. of Grand Jury Materials, Docket No. 63. The government had already disclosed the transcripts of witness testimony before the grand jury. In support of that motion, Mr. Schock identified numerous instances where the prosecutors incorrectly instructed the grand jury on the relevant law and provided a signed statement from a witness indicating that the government commented on Mr. Schock's decision not to testify before the grand jury. *See generally* Mem. in Supp. of Mot. for Disc. of Grand Jury Materials, Docket No. 64. This Court denied that motion, Docket No. 95, relying on a record in which the government "unequivocally" represented that any suggestion that the prosecutors commented on Mr. Schock's decision not to testify before the grand jury was "false. It did not happen." Gov't Resp. to Def. Schock's Mot. for Disc. Regarding Use of Confidential Informant and Mot. for Disclosure of Grand Jury Materials at 61, Docket No. 69.

Months after the prosecutor made this representation, Mr. Schock and the Court learned that it was "misleading, if not simply false." Order at 1, Docket No. 143. Mr. Schock had moved to dismiss the Indictment based on the available evidence, which indicated that the government impermissibly commented on his decision not to testify before the grand jury in violation of the Fifth Amendment. Def. Schock's Mot. to Dismiss Indictment for Violation of Fifth Amendment Rights Before the Grand Jury, Docket No. 100. In response, and for the first time, the government identified eleven separate instances where "government counsel commented on or addressed Mr. Schock's testifying or decision not to testify before the grand jury . . . ." Gov't Resp. to Def.'s Mot. to Dismiss Indictment for Alleged Fifth Amendment Violation, Docket No. 119 at 4, 9 ("Gov't Resp."). The government went on to provide excerpts of its comments, some of which contained redactions and summaries instead of the actual language of the transcript. *Id.* at 5-15. The government purportedly filed in camera and under seal the grand jury transcripts that

supported its excerpts, but did not provide Mr. Schock a copy of these colloquies, nor did the government provide the full grand jury colloquies to the Court. *See* Mot. for Leave to file the United States' Appendix in Camera and Under Seal, Docket No. 124; Gov't Resp. at 4 n.2. In light of the government's admission that it commented multiple times on Mr. Schock's decision not to testify before the grand jury, Mr. Schock in his reply renewed his request for production of the grand jury colloquies, because the government's partial and selective disclosures demonstrated that a substantial ground existed to question whether the grand jury's independence was prejudicially compromised by the government's conduct, and a more fulsome review would assist in resolving the motion to dismiss. Def.'s Reply to Gov't Resp. at 19-20, Docket No. 138.

Mr. Schock has renewed his motion to dismiss the Indictment for Fifth Amendment violations before the grand jury, and has also renewed his motion to dismiss the Indictment for a wider range of prosecutorial misconduct that involved the grand jury. These motions place the conduct of the government and its effect on the grand jury's decision-making squarely at issue in this case. Indeed, the government itself has provided clear evidence that its conduct before the grand jury may warrant dismissal of the Indictment. The government has thus waived any interest that it had in grand jury secrecy, and as a matter of fundamental fairness Mr. Schock should not be forced to rely on the government's selective disclosures in order to defend his rights as set out in the two motions to dismiss. Only the full examination of the government's conduct before the grand jury by compelling the government to produce the grand jury colloquies to Mr. Schock can resolve the legal and factual issues raised by the government's disclosure of clear evidence of a prejudicial violation of Mr. Schock's rights before the grand jury.

## DISCUSSION

**I.     The government's disclosure waives any interest in grand jury secrecy**

Federal Rule of Criminal Procedure 6(e) protects "a matter occurring before the grand jury" from public disclosure. This language is interpreted broadly, such that it protects "anything that may reveal what occurred before the grand jury." *Martin v. Consultants & Adm'rs, Inc.*, 966 F.2d 1078, 1097 (7th Cir. 1992). However, this protection is not absolute, and Rule 6(e) does not apply "when there is no secrecy left to protect." *In re Grand Jury Subpoena, Judith Miller*, 493 F.3d 152, 154 (D.C. Cir. 2007). As the D.C. Circuit held, "when once-secret grand jury material becomes 'sufficiently widely known,' it may 'lose its character as Rule 6(e) material.'" *Id.* (quoting *In re North*, 16 F.3d 1234, 1245 (D.C. Cir. 1994)).[2]

The government disclosed excerpts of proceedings before the grand jury in response to a defense motion, but did not disclose to defense counsel or the Court the full transcripts of those proceedings, to the extent they have been prepared. This disclosure was appropriate pursuant to this Court's March 27, 2017 order, which permitted the parties to publicly disclose matters occurring before the grand jury if such matters were necessary and relevant to any motion or response. By disclosing the eleven comments it made before the grand jury on Mr. Schock's right not to testify, the government affirmatively and publicly disclosed the existence of that matter. The government's disclosure, that it commented eleven times on Mr. Schock's decision not to testify before the grand jury, was widely reported. *See, e.g.*, Associated Press, *Judge in Aaron Schock Case Orders Prosecutor to Reveal Any Other 'Falsehoods' Made to Grand Jury*, Chicago

---

[2] The government has recently taken this position in another matter involving grand jury secrecy, where it argued to the court that "[g]rand jury secrecy . . . can be waived through an otherwise authorized disclosure." Dep't of Justice Resp. to CNN's Petition to Unseal at 4, *In re Application to Unseal Dockets Related to the Independent Counsel's 1998 Investigation of President Clinton*, 1:18-mc-00019-BAH (Mar. 23, 2018).

5

Tribune (Oct. 3, 2017) http://www.chicagotribune.com/news/local/breaking/ct-aaron-schock-case-20171003-story.html.

The government's disclosure therefore operates as a waiver of grand jury secrecy with respect to the matter that was disclosed: the prosecutor's comments before the grand jury. Having opened the door on this matter, the government cannot slam it shut to prevent a full examination of the impact of its conduct before the grand jury on Mr. Schock's rights, including whether prejudice created by its comments and other misconduct warrants dismissal of the Indictment. The government's comments on how the grand jury should weigh Mr. Schock's decision not to testify are just one piece of its instructions regarding how the grand jury should weigh the evidence before it generally in light of the governing law.[3] Therefore, the government's disclosure invites a full examination of its conduct before the grand jury.

The interest of fundamental fairness further demonstrates the propriety and necessity of examining the full grand jury record. The government did not merely argue that there were no Fifth Amendment violations before the grand jury, it also asserted that these violations were not prejudicial, asserting "there is no prejudice" while providing the Court "context" for that assertion in the form of select witness testimony. Gov't Resp. at 26. The government further asserted that "[t]he depth and breadth of the presentation to the second grand jury directs this Court to only" the

---

[3] Mr. Schock reiterates that "where a prosecutor's legal instruction to the grand jury seriously misstates the applicable law, the indictment is subject to dismissal if the misstatement casts 'grave doubt that the decision to indict was free from the substantial influence' of the erroneous instruction." *United States v. Stevens*, 771 F. Supp. 2d 556, 567 (D. Md. 2011) (quoting *United States v. Peralta*, 763 F. Supp. 14, 21 (S.D.N.Y. 1991)). Mr. Schock has renewed this argument in his motion to dismiss for prosecutorial misconduct. Therefore, the grand jury colloquies should also be disclosed to examine the government's legal instructions to the grand jury. We now know that there is a substantial basis on which to conclude that the government's violation of Mr. Schock's rights prejudiced the grand jury's independence. That analysis should be comprehensive, and include a full examination of the government's conduct and its effects.

conclusion that there was no prejudice. *Id.* at 32. Thus, the government's assertions that there was no prejudice was in effect a claim about what occurred before the grand jury. The government made these assertions after having had the benefit of "its review of the minutes of both grand juries." *Id.* at 4. Neither Mr. Schock nor this Court have had the benefit of that review, which necessarily underlies the government's assertions. It cannot be the case that the government may selectively disclose portions of the grand jury colloquies in response to a defense motion to dismiss and then use grand jury secrecy as a shield to prohibit the defense from obtaining the full knowledge of grand jury proceedings that informs the government's opposition.

Therefore, the Court may order the government to disclose the full colloquies of the proceedings before the grand jury because the protections of Rule 6(e) have been waived by the government's disclosures. Even if the protections of Rule 6(e) are still in effect, that rule provides a basis to disclose the full colloquies where the government's disclosures demonstrate the existence of a basis to dismiss the Indictment.

II. **This Court should authorize the disclosure of the grand jury colloquies in light of the grounds to dismiss the Indictment revealed by the government's comments**

Pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), this Court may authorize the disclosure of grand jury material "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." The Seventh Circuit has held that a defendant satisfies this requirement when he demonstrates "a 'compelling necessity' or 'a particularized need'" for the materials sought. *United States v. Lisinski*, 728 F.2d 887, 893 (7th Cir. 1984) (quoting *Matter of Grand Jury Proceedings, Miller Brewing Co.*, 687 F.2d 1079, 1088 (7th Cir. 1982)); *see also United States v. Puglia*, 8 F.3d 478, 480 (7th Cir. 1993). A defendant shows a compelling necessity or particularized need by alleging "that the information 'is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure

7

is greater than the need for continued secrecy, and that the request is structured to cover only material so needed.'" *United States v. Campbell*, 324 F.3d 497, 489-99 (7th Cir. 2003) (quoting *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211 (1979)).

Here, Mr. Schock seeks disclosure of the grand jury colloquies to support a motion to dismiss the Indictment. "Where the defendant seeks disclosure based on alleged prosecutorial misconduct before the grand jury, he must show that the alleged misconduct would compel dismissal of the indictment." *United States v. Buske*, No. 09-CR-65, 2010 WL 3023364 at *2 (E.D. Wis. July 29, 2010). As demonstrated in the memorandum in support of Mr. Schock's renewed motion to dismiss the Indictment for violation of his Fifth Amendment rights before the grand jury, a substantial ground exists to conclude that the alleged misconduct would compel dismissal of the Indictment.

Mr. Schock has a compelling need for the colloquies to support that motion because to succeed he must demonstrate that the government's misconduct before the grand jury was not harmless or was prejudicial. Mr. Schock must be able to evaluate the entire context of the grand jury proceedings, including the cumulative effect of all misconduct on the grand jury's independence, in order to effectively mount his defense. *See United States v. Breslin*, 916 F. Supp. 438, 441 (E.D. Pa. 1996) (court provided defendant with transcript of grand jury colloquies after discovering "additional concerns regarding the prosecutor's conduct before the grand jury.").

This is especially the case where the government reviewed the grand jury colloquies, selected the excerpts of its comments it would disclose, and then argued those comments were not prejudicial. Gov't Resp. at 26-31. Mr. Schock has a compelling need to access the same materials as the government when making the required showing that the government's comments were not harmless and infringed on the grand jury's independent judgment.

Accordingly, the excerpts of the grand jury colloquies provided by the government demonstrate that a ground to dismiss the Indictment exists because of a matter before the grand jury. As such, Rule 6(e)(3)(E)(ii) authorizes this Court to order the disclosure of the grand jury colloquies to Mr. Schock, and the Court should grant that relief. There is no reason to stop at a partial examination when the interests in grand jury secrecy are so reduced.

### III. Mr. Schock's compelling need for the grand jury colloquies is sufficient to overcome the greatly reduced interest in continued secrecy in this case

At this point, nearly two years after the grand jury's work concluded, the interest in grand jury secrecy is at its lowest ebb. The Supreme Court has identified those interests supporting grand jury secrecy as follows:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no possibility of guilt.

*Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 219 n.10 (1979) (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681-82 n.6 (1958)) (alteration omitted).

These interests are either no longer relevant or not implicated by this request. Indeed, "[t]he need for grand jury secrecy is diminished once the grand jury has fulfilled its duties." *United States v. Burge*, No. 08 CR 846, 2014 WL 201833 at *3 (N.D. Ill. Jan. 17, 2014). The defendant's "burden . . . works on a sliding scale: as secrecy considerations become less relevant, so too does the burden lessen." *West v. United States*, No. 08 CR 669, 2010 WL 1408926, *at 4 (N.D. Ill. Apr. 5, 2010). The interests in grand jury secrecy here have become minimal, to the extent they have

any force left at all. The government has already disclosed transcripts of all witness testimony before the grand jury. It has also already "ordered the grand jury minutes for both the first and second grand juries." *See* Gov't Resp. at 4. Any further disclosures would be subject to this Court's protective order. *See* Docket No. 51. Moreover, the government has already selectively disclosed portions of the grand jury colloquies Mr. Schock now requests, thus waiving any interest in grand jury secrecy.

The interests of grand jury secrecy are not served when the government may review and selectively disclose the grand jury colloquies in response to a defense motion but the defendant is not permitted to inspect those colloquies to rebut the government or support his own well-founded arguments. Granting Mr. Schock the relief he seeks here would not threaten the interests of grand jury secrecy generally: the Court is faced with the unique circumstance where the government has taken it upon itself to affirmatively disclose misconduct before the grand jury. Having made that disclosure, the interests standing behind grand jury secrecy do not support using it as a shield to prevent the examination that the government itself started.

In contrast to this greatly diminished interest in grand jury secrecy, the government's disclosures provided strong evidence that misconduct sufficient to call for the dismissal of the Indictment occurred before the grand jury. Therefore, Mr. Schock's need for the grand jury colloquies, in order to evaluate the full impact of the government's misconduct on the grand jury's independence, is at its zenith. In these circumstances, the scales tip so decisively in favor of disclosure of the grand jury colloquies pursuant to Rule 6(e)(3)(E)(ii) that they should be disclosed.

## CONCLUSION

For the reasons stated above, Aaron J. Schock respectfully requests that the Court enter an order directing the government to disclose the recordings or, to the extent they have been prepared,

the transcripts of proceedings before the grand jury where a witness was not present. In addition, if the Court grants the instant motion, Mr. Schock respectfully requests that he be given an opportunity to review the transcripts and supplement his motions to dismiss for prosecutorial misconduct before the grand jury.

Dated: August 10, 2018

Respectfully submitted,

*/s/ George J. Terwilliger III*

_____

George J. Terwilliger III
Robert J. Bittman
Benjamin L. Hatch
Nicholas B. Lewis
**MCGUIREWOODS LLP**
2001 K Street N.W., Suite 400
Washington, D.C. 20006-1040
Tel: 202.857.2473
Fax: 202.828.2965
Email: gterwilliger@mcguirewoods.com


*/s/ Christina M. Egan*

_____

Christina M. Egan
**MCGUIREWOODS LLP**
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1818
Tel: 312.750.8644
Fax: 312.698.4502
Email: cegan@mcguirewoods.com


*/s/ Jeffrey B. Lang*

_____

Jeffrey B. Lang
**LANE & WATERMAN LLP**
220 N. Main Street, Suite 600
Davenport, Iowa 52801-1987
Tel: 563.333.6647
Fax: 563.324.1616

Email: jlang@L-WLaw.com

*Counsel for Aaron J. Schock*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record at their respective email addresses disclosed on the pleadings on this 10th day of August, 2018.

*/s/ George J. Terwilliger III*
_____
George J. Terwilliger III