UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 16-cr-30061 |
| AARON J. SCHOCK, | ) |
| Defendant. | ) |

**JOINT STATUS REPORT**

The parties, defendant Aaron J. Schock, by and through his counsel George J. Terwilliger III, and the United States of America, by and through John E. Childress, United States Attorney for the Central District of Illinois, submit this joint status report in compliance with the Court's August 24, 2018 Order.

Pursuant to an existing scheduling order entered by Judge Bruce, *see* July 13, 2018 Order, Docket No. 175, the parties are presently in the process of briefing pre-trial motions. The parties had previously filed and briefed motions in August and September 2017 pursuant to an antecedent scheduling order (also entered by Judge Bruce), but in connection with the new July 13, 2018 Order, Judge Bruce denied these motions as moot. The prior Court then set a new briefing schedule, inviting the parties to refile prior and/or file new motions. Under this briefing schedule:

1. August 10, 2018: All non-evidentiary motions were due.

    o August 31, 2018 – Responses.

    o September 7, 2018 – Replies.

2. September 14, 2018: All evidentiary motions are due.

    o September 28, 2018 – Responses.

   o   October 5, 2018 – Replies.

3. October 23 and 24, 2018: Motion Hearings (if Court determines necessary).

4. November 2, 2018: Proposed jury instructions and voir dire.

   o   November 16, 2018 – Objections.

5. January 14, 2018: Final pretrial conference.

6. January 28, 2019: Trial.

1. <u>Status of Pretrial Discovery</u>

Pursuant to earlier orders, the deadline for the government to complete its Rule 16 discovery was July 21, 2017.  Mr. Schock's deadline to provide reciprocal discovery was August 11, 2017.  Pretrial discovery is therefore supposed to be concluded.  Both sides recognize their continuing duties to disclose under the rules.

- Defendant's Position Regarding Discovery:

In Mr. Schock's pending Motion for *Brady* and *Giglio* Material Including Notes of Witness Interviews, Docket No. 183, Mr. Schock is disputing the government's compliance with its obligations to turn over evidence and has requested additional materials from the government.  Mr. Schock has requested additional materials from the government in his Motion for Discovery of Grand Jury Colloquies, Docket No. 189, and Motion for Disclosure of Any Reports Regarding Misconduct in Connection with this Case, Docket No. 191.

- Government's Position Regarding Discovery:

The Government has surpassed its initial Rule 16 obligations and has provided all of the Grand Jury transcripts of witness testimony as well as the vast majority of the interview reports.  Some reports will continue to be produced as they become available.  The defendant has yet to

produce any statements or reports of interview under Rule 26.2. No discovery was produced by either party during the lengthy stay of the proceedings.

Additional discovery should be available following the Court's resolution of privilege claims regarding e-mails obtained for the third-party account containing communications and documents from the Schock campaign committees. Because of attorney-client privilege claims, all issues surrounding these e-mails are being handled by a filter team which does not include the AUSAs currently assigned to this matter.

2. Identification of Any Motions and Other Matters that are Pending for Decision, and the Status of Briefing on Each

The following motions, filed by Mr. Schock, are pending for decision:

- Renewed Motion to Dismiss Counts 14-18 for Failure to State an Offense, Docket No. 181;

- Motion for *Brady* and *Giglio* Material Including Notes of Witness Interviews, Docket No. 183;

- Motion to Dismiss Indictment for Violation of Fifth Amendment Rights Before the Grand Jury, Docket No. 185;

- Motion to Dismiss the Indictment Due to Prejudicial Misconduct Before the Grand Jury, or, in the Alternative, to Bar the Use of Evidence Tainted by the Government's Conduct Before the Grand Jury, Docket No. 187;

- Motion for Discovery of Grand Jury Colloquies, Docket No. 189;

- Motion for Disclosure of Any Reports Regarding Misconduct in Connection with this Case, Docket No. 191.

- After learning that this case would be reassigned, Mr. Schock filed a Motion for Change of Venue to Peoria Division, Docket No. 193, on August 20, 2018.

3

The government is in the process of responding to each of these motions.

3. <u>Further Pretrial Motions (*not* Including *Motions in Limine*) that Either Side Anticipates Filing and When</u>

Mr. Schock anticipates filing a motion to suppress evidence obtained by the government's confidential informant and evidence protected by the Speech or Debate Clause. Mr. Schock previously filed a version of this motion in August 2017, and now intends to re-file it. Mr. Schock anticipates filing this motion on September 14, 2018, the deadline set by Judge Bruce for all evidentiary motions, unless modified by order of this Court.

The government anticipates filing a substantive motion, albeit in the form of an "in limine" motion to address the court's previous rulings regarding the "Rulemaking Clause," *see* Docket No. 153, to clarify the evidence to be allowed to prove the elements of the crimes charged. Along with the ruling on the defendant's Motion to Dismiss Counts 14-18, the rulings on these motions will determine if the government's case will go forward as currently charged. The government anticipates filing this motion on or before September 14, 2018.

4. <u>The Anticipated Length of Trial</u>

In prior conferences with Judge Bruce, the government has represented that it anticipates a four to five week trial. The government has indicated it may call up to 100 witnesses, but realistically anticipates between 40-50 depending on the number of stipulations the parties are able to reach. Mr. Schock anticipates that, were he to put on a defense, it would take no more than one week.

5. <u>Other Matters that Either Party Wishes to Bring to the Court's Attention</u>

<u>Petition for Certiorari</u>: On April 20, 2017, Mr. Schock filed a motion to dismiss the Indictment, asserting that the charges against him violated separation of powers principles embodied in the Rulemaking Clause and were unconstitutional under the Speech or Debate Clause.

*See* Docket No. 76. The Court granted this motion in part and denied it in part on October 23, 2017. *See* Docket No. 153. Mr. Schock appealed this ruling to the Seventh Circuit, which affirmed the prior Court's order with respect to the Speech or Debate Clause and dismissed the appeal for lack of jurisdiction with respect to the Rulemaking Clause. *See United States v. Schock*, 891 F.3d 334 (7th Cir. 2018). Mr. Schock intends to petition the Supreme Court of the United States for review of the Seventh Circuit's decision and will file his petition for certiorari on or before September 27, 2018.

The government's opposition should be filed by the beginning of December, depending on extensions requested.

Motion Hearings: The prior Court informed the parties that it would determine whether it was necessary to hold a hearing on any pretrial motion, and thus requesting a hearing on the merits of the motion was not necessary. Mr. Schock generally did not request a hearing on the pretrial motions filed on August 10, 2018 (though Mr. Schock sought an evidentiary hearing as a remedy in one motion), in compliance with the prior Court's statement. Mr. Schock intends to identify those motions for which he requests a hearing in his replies to the government's responses, unless this Court instructs otherwise.

The government does not anticipate requesting a hearing on any of the motions.

Dated: August 29, 2018                                              Respectfully submitted,

JOHN E. CHILDRESS                                    */s/ George J. Terwilliger III*
UNITED STATES ATTORNEY                         _____
By: */s/ Patrick D. Hansen*                                George J. Terwilliger III
_____            Robert J. Bittman
Patrick D. Hansen, First Assistant U.S. Attorney    Benjamin L. Hatch
United States Attorney's Office                          Nicholas B. Lewis
318 South 6th Street                                           **MCGUIREWOODS LLP**

5

<div style="display: flex;">

<div>

Springfield, Illinois 62701  
Telephone: (217) 492-4450  
E-mail: patrick.hansen@usdoj.gov

*/s/ Victor B. Yanz*  
_____  
Victor B. Yanz  
Assistant U.S. Attorney  
318 South Sixth Street  
Springfield, Illinois 62701  
Telephone (217) 492-4450  
Victor.yanz@usdoj.gov

/s/ *Eugene L. Miller*  
_____  
Eugene L. Miller  
Assistant U.S. Attorney  
201 S. Vine Street, Suite 226  
Urbana, IL 61802  
Telephone (217) 373-5875  
Eugene.miller@usdoj.gov

</div>

<div>

2001 K Street N.W., Suite 400  
Washington, D.C. 20006-1040  
Tel: 202.857.2473  
Fax: 202.828.2965  
Email: gterwilliger@mcguirewoods.com

*/s/ Christina M. Egan*  
_____  
Christina M. Egan  
**McGuireWoods LLP**  
77 West Wacker Drive  
Suite 4100  
Chicago, IL 60601-1818  
Tel: 312.750.8644  
Fax: 312.698.4502  
Email: cegan@mcguirewoods.com

*/s/ Jeffrey B. Lang*  
_____  
Jeffrey B. Lang  
**Lane & Waterman LLP**  
220 N. Main Street, Suite 600  
Davenport, Iowa 52801-1987  
Tel: 563.333.6647  
Fax: 563.324.1616  
Email: jlang@L-WLaw.com

*Counsel for Aaron J. Schock*

</div>

</div>

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record at their respective email addresses disclosed on the pleadings on this 29th day of August, 2018.

*/s/ George J. Terwilliger III*
_____
George J. Terwilliger III