

MAR 0 2019

JUDGE MATTHEW F. KENNELLY
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

UNITED STATES OF AMERICA

v.

AARON J. SCHOCK

No.: 3:16-cr-30061-MFK-TSH

Judge Matthew F. Kennelly

## AGREEMENT TO DEFER PROSECUTION

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, and the defendant, AARON J. SCHOCK, and his attorney, GEORGE J. TERWILLIGER III, hereby agree to the following:

Defendant has been charged by indictment with mail and wire fraud, in violation of Title 18, United States Code, Sections 1341 and 1343 (Counts 1-10); theft of government funds, in violation of Title 18, United States Code, Section 641 (Count 11); making false statements, in violation of Title 18, United States Code, Section 1001 (Counts 12 and 13); falsification of FEC filings, in violation of Title 18, United States Code, Section 1519 (Counts 14 through 18); and filing false federal tax returns, in violation of Title 26, United States Code, Section 7206 (Counts 19 through 24). Defendant understands that he has a right to have his guilt or innocence of the charges determined by a jury of his peers under the terms of the Speedy Trial Act, Title 18, United States Code, Section 3161, *et seq*. By signing this agreement, defendant agrees that, pursuant to Title 18, United States Code, Section 3161(h)(2), the period during which this prosecution is delayed pursuant to this Agreement is to be excluded in computing the time within which the trial in this case must commence under the Speedy Trial Act. Defendant knowingly waives his right to assert that his trial did not occur within the time limits prescribed by the Speedy Trial Act.

The United States Attorney will move the district court, pursuant to Title 18, United States Code, Section 3161(h)(2), to defer the prosecution of defendant on the indictment for 6 months for the purpose of allowing defendant to fulfill the below conditions. Defendant agrees to abide by the conditions and requirements of this Agreement set out below.

1

## Conditions of Pretrial Diversion

Defendant shall reimburse his campaign committees in the total amount of $67,956, as detailed below.

Defendant shall pay any outstanding tax liabilities for calendar years 2010 through 2015 that have been assessed by the Internal Revenue Service during the duration of this Agreement.

Defendant shall not violate any federal, state, or local law (excluding minor traffic and parking infractions). Defendant shall immediately contact the assigned pretrial diversion supervisor if arrested and/or questioned by any law enforcement officer for any reason.

Defendant shall report as directed to the assigned pretrial services supervisor, comply with his or her instructions, and keep the supervisor informed of defendant's whereabouts.

## Admissions by Aaron J. Schock

By signing this Agreement, defendant admits the following facts and agrees that these admissions may be used against him in any proceeding for any purpose, including as admissions, in the event that the government subsequently determines that he has breached this Agreement and the United States resumes or institutes prosecution of the charges against defendant in the indictment, or any other charge:

Defendant AARON J. SCHOCK acknowledges that, as a candidate and public office holder, he had a responsibility to ensure the accurate reporting of mileage and other expenses to his campaign and to the United States House of Representatives ("the House") and that he at times failed to do so. SCHOCK acknowledges that at times his actions or inaction may have caused his campaign committees and the House to pay expenses that SCHOCK knew or should have known were not properly charged to those entities. For example, between at least December 2009 and October 2014, SCHOCK drove vehicles entitled for mileage reimbursement extensively throughout his district for official and campaign purposes, for which he was entitled to reimbursement for mileage. SCHOCK acknowledges that he, both directly and through his staff, caused mileage reimbursement vouchers to be regularly submitted to the House and to his campaign committees without providing documentation of the number of miles he actually drove during the reimbursement periods. SCHOCK

2

acknowledges that over time this process resulted in him receiving mileage reimbursements that exceeded the number of miles actually driven.

Additionally, SCHOCK acknowledges that he had a regular practice as a public officeholder of obtaining event tickets at face value. Although SCHOCK on some occasions offered these tickets to constituents, staff, and campaign contributors, on other occasions SCHOCK obtained tickets, including for the World Series and the Super Bowl, and shortly thereafter resold them at a profit. SCHOCK acknowledges that, through this conduct, SCHOCK obtained approximately $42,375 in income that he did not report on his federal income tax returns for the six years he was in office. As a result of this unreported income, as well as other unreported income related to expenses improperly paid on his behalf, SCHOCK owes tax liabilities to the United States Internal Revenue Service.

SCHOCK also acknowledges that, in recognition of various campaign expenses that were in whole or in part unsupported by adequate records, he owes reimbursement to his campaign committees as follows: $32,175 to Schock for Congress, $10,025 to Schock Victory Committee, and $25,756 to GOP Generation Y Fund.

## Further Agreements Between the Parties

If, at any point during the period of this Agreement, defendant violates any condition of this Agreement, the United States Attorney may unilaterally revoke or modify any conditions of this Pretrial Diversion Agreement and/or change the period of supervision, which shall in no case exceed twenty-four months. The United States Attorney may release defendant from supervision at any time. The United States Attorney may at any time within the period of defendant's supervision initiate prosecution for any offense should defendant violate the conditions of this Agreement. In this case the government will furnish defendant with notice specifying the conditions of the Agreement which defendant has violated. Determination of whether defendant has violated this Agreement shall be within the sole discretion of the United States Attorney.

Defendant agrees to cooperate with the Internal Revenue Service in any tax examination or audit of defendant which directly or indirectly relates to or arises out of the course of conduct that defendant has acknowledged in this Agreement, by transmitting to the IRS original records or copies thereof, and any additional books and records that the IRS may request. Defendant also agrees to not object to a motion brought by the United States Attorney's Office for the entry of an order authorizing disclosure of documents, testimony and related investigative materials which may constitute grand jury material, preliminary to or in connection with any judicial

proceeding, pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i). In addition, defendant agrees to not object to the government's solicitation of consent from third parties who provided records or other materials to the grand jury pursuant to grand jury subpoenas, to turn those materials over to the Civil Division of a United States Attorney's Office, or an appropriate federal or state agency (including but not limited to the Internal Revenue Service), for use in civil or administrative proceedings or investigations, rather than returning them to the third parties for later summons or subpoena in connection with a civil or administrative proceeding involving, or investigation of, defendant. Defendant understands that nothing in this paragraph or the preceding paragraph precludes defendant from asserting any legal or factual defense to taxes, interest, and penalties that may be assessed by the IRS, so long as those defenses do not contradict the Admissions by defendant above. Failure by the IRS to complete a tax assessment during the term of this Agreement shall not be a basis to extend the Agreement.

Defendant agrees that neither he, nor any of his agents, will make any public statements contradicting any of the Admissions he has made as part of this Agreement.

Defendant understands that, in conjunction with this Agreement, the United States Attorney will file a criminal information in the United States District Court for the Northern District of Illinois charging Schock's primary campaign committee, Schock for Congress ("SFC"), with a criminal violation of the recordkeeping provisions of the Federal Election Campaign Act of 1971 (FECA), namely, 52 U.S.C. §§ 30102(c)(5) and 30109. Defendant acknowledges that he has substantially controlled SFC from 2009 to the present. Defendant understands that SFC has agreed to enter a plea of guilty to this charge. Defendant supports this resolution, does not object to SFC entering into this guilty plea and agrees he will not, directly or indirectly, interfere with SFC doing so.

If defendant successfully completes this diversion program and fulfills all the terms and conditions of the Agreement, the government will move the Court to dismiss the indictment against defendant with prejudice.

Defendant understands that this Agreement is a public document and may be disclosed to any party.

Defendant understands that pursuant to Title 18, United States Code, Section 3161(h)(2), this Agreement is subject to approval by the Court. Should the Court refuse to approve, and thereby reject, this Agreement, neither party shall be bound

to any term of this Agreement, and no admissions in this Agreement may be used against defendant.

## Waiver of Claims Arising From Delay

I, AARON J. SCHOCK, assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information or in bringing a defendant to trial. I hereby request the United States Attorney for the Northern District of Illinois to defer any prosecution of me for violation of Title 18, United States Code, Sections 641, 1001, 1341, 1343, and 1519, or Title 26, United States Code, Section 7206, for the period of 6 months, and to induce the United States Attorney to defer such prosecution I agree and consent that any delay from the date of this Agreement to the date of initiation of prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request, and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period of this agreement.

Defendant acknowledges that he has read this Agreement and has carefully reviewed each provision with his attorney. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other

than those set forth in this Agreement. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

_____      Date: 06 MAR 2019
AARON J. SCHOCK

_____      Date: 3/6/19
GEORGE J. TERWILLIGER III
Attorney for Aaron J. Schock

JOHN R. LAUSCH, JR.
United States Attorney
Northern District of Illinois

By: _____      Date: 3/6/19
ERIK A. HOGSTROM
RICK D. YOUNG
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5300

6